UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSE R. GONZALES,<br><br>               Petitioner,<br>   v.<br><br>JASON BENNETT,<br><br>               Respondent. | CASE NO. 2:23-cv-01883-RSL-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: May 30, 2024 |

The District Court has referred this federal habeas action filed pursuant to 28 U.S.C. § 2254 to United States Magistrate Judge Grady J. Leupold. Petitioner Jesse R. Gonzales, proceeding *pro se*, filed a federal habeas Petition seeking relief from a state court conviction. Dkt. 7. Presently before the Court is Petitioner's Motion to voluntarily dismiss his Petition without prejudice ("Motion"). Dkt. 13. Respondent does not oppose the Motion. *See* Dkt. 14. After review of the record, the Court recommends the Motion (Dkt. 13) be **GRANTED** and that this case be **DISMISSED without prejudice** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

//

//

REPORT AND RECOMMENDATION - 1

## I.    BACKGROUND

Petitioner initiated this case on December 7, 2023. Dkt. 1. On March 14, 2024, the Court entered an Order directing service of the habeas Petition.[1] Dkt. 9. On April 26, 2024, Respondent filed an Answer and relevant state court record. Dkts. 11, 12. On May 8, 2024, Petitioner filed the instant Motion. Dkt. 13. Respondent has responded to the Motion, indicating he does not oppose dismissal without prejudice. *See* Dkt. 14.

## II.    DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Courts have held Rule 41 applies to § 2254 cases. *See Orozco v. California Dep't of Corr.*, No. CV 17-90120AB (PLA), 2017 WL 6626637, at *4 (C.D. Cal. Dec. 28, 2017) (applying Rule 41 to a § 2254 action); *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases").

Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the petitioner if the petitioner files a notice of dismissal before the respondent files an answer or summary judgment motion and the petitioner has not previously dismissed an action "based on or including the same claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the respondent has responded to the petition, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1), (2). The Court should grant a

---

[1] On February 2, 2024, the Court issued a Report and Recommendation ("R&R") that this case be dismissed without prejudice for Petitioner's failure to prosecute. Dkt. 4. However, after the R&R was issued, on February 8, 2024, Petitioner filed a corrected Petition and paid the filing fee. Dkts. 6, 7. On March 11, 2024, the District Court issued an Order noting the filing fee was now paid and referred the matter back to the undersigned. *See* Dkt. 8.

REPORT AND RECOMMENDATION - 2

motion for voluntary dismissal unless the opposing party will suffer legal prejudice. *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2010).

Petitioner requested dismissal without prejudice of his Petition after Respondent filed an Answer, and a stipulation of dismissal has not been filed in this case. *See* Dkt. 13. Thus, dismissal is proper only through a Court Order.

Here, Respondent filed a Response to the Motion stating he has no objection to the Motion. Dkt. 14. Further, the Court finds Respondent will not be prejudiced or unfairly affected by dismissal of this action. Therefore, the Court concludes it is proper to allow Petitioner to voluntarily dismiss this action. *See Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.3d 919, 921 (9th Cir. 1989) ("The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." (internal citations omitted)).

### III.    CONCLUSION

For the foregoing reasons, the Court recommends Petitioner's Motion (Dkt. 13) be **GRANTED** and this action be **DISMISSED without prejudice** pursuant to Rule 41(a)(2). As Petitioner has requested this case be dismissed, the Court finds any appeal of this matter would be frivolous. Thus, the Court finds a certificate of appealability should not issue.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

//

//

1     Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May 30, 2024, as noted in the caption.

    Dated this 15th day of May, 2024.

    Grady J. Leupold
United States Magistrate Judge